Thank you. This case, this appeal is an appeal of a sentence and defendant, Appellant Stevens' position is that the district court misapplied the guidelines in incorrectly enhancing his sentence under the 2003 guidelines. This was a child pornography case. The enhancement for which he was, his sentence was the court's finding that he distributed to a child pornography to a minor with the intent of persuading him. Were you the trial lawyer as well as on appeal? Yes, sir. Did you raise any question about the distribution count? There are two counts in the indictment. One was receiving and one was possessing. Right. And then at the time of sentencing, the government managed to smuggle in the question of distribution, too, under one of those application notes in the guidelines. Yes. Yes. But you did, did you object to the distribution? The facts underlined that there was distribution. No, Your Honor. No. This enhancement increased his sentence by seven levels for distribution to a minor. Stevens objected at sentencing as he does now on the grounds that under the 2003 definitions of a minor, a minor was a minor. As in this case, the distribution was to an undercover law enforcement officer, clearly not a minor. The court understood that objection, and it determined that even though the 2003 guidelines applied, that it could look at later amendments, and there was a 2004 amendment. Well, the big debate in the district court was whether that amendment was a clarifying amendment or whether it changed the definition of a minor. That's what we need to hear about. That's right, Your Honor. And the court found that it was, that it only clarified. The provision that it found clarified changed the definition of minor from a person to, who had not attained the age of 18, to including that, but also adding and expanding it to either, it actually added two new categories, a law enforcement officer representing that another person was under 18, or the law enforcement officer who represented to the defendant that he was 18. Our position then, as it is now, is that this was a substantive change in that commentary, and that it altered the plain meaning and the definition of a minor. Well, the government cites this case from 11th Circuit, and you mentioned in your brief that the case may have been wrongly decided, or, well, it was vacated by the Supreme Court, and then it went back to the 11th Circuit. I don't know how much strength it has, and we'll be asking the Do you find any other case anywhere that gives you any aid and comfort in this question, whether a phony minor who is pretending to be a minor, and in the real world would never be considered a minor, but in the war on infant pornography, why, it has become a minor by act of Congress. That's right, Your Honor. Your Honor, the case that we found that was the most applicable to this situation was actually the Ilis case, which was a district court case out of the District of Virginia, where the court addressed this very situation, should an amendment to the commentary which alters the definition of a minor apply retroactively. And that court, we think, in a very common sense way, found that this was a substantive change. There's no other way to think about it. The difference between a minor and adult law enforcement officer, they're almost opposite. The meanings of a minor and adult are different in just about every societal context. Counsel, I have two related questions for you. The first is, even if the recipient was an adult undercover law enforcement officer, your client attempted, at a minimum, to distribute to a minor. And why wouldn't that result in, essentially, the same consideration by the district court? And, relatively, the district court expressed great distress with your client, in terms of his past and his narcissism and so forth. What indication do we have that this sentence would be any different under your construct? Well, Your Honor, this is a difference of seven levels, in a case which was already very high. I mean, right now, his sentence was level 41, and without this enhancement, we're looking at level 34. And so, do I understand, so an attempt would not fall within this guideline enhancement, as distinct from the completed distribution? I guess that's my first question. And the second one is, even if there was a mistake, can we be certain that this judge would have done the same thing, based on what he said? I think an attempt does fall within this guideline. Because it only requires the defendant actually doing the act of enticing. It doesn't require a completed act. I believe, Your Honor, the district court would have to take a look at the great disparity between a sentence at level 34, and the maximum of both guideline ranges that it gave under the guideline range. Because this court does pay close attention to what the guideline range is, and the policies which underlie the guideline. I'll reserve the rest of my time. Yes, you may do that. Thank you. We'll hear from the government. Good morning. May it please the court. My name is Marcia Hurd, and I'm an assistant U.S. attorney for the District of Montana. And I did handle this case in the court below. I think this is a close question, as to whether this is a clarifying or a substantive amendment. And in the court below, the district court relied on the Morton case, which is the 11th Circuit case, that we believe still has vitality, even though it was remanded, for a finding of the sentencing regarding Booker. And the discussion in Morton talks about, again, clarifying versus substantive amendments. And notes that in another portion of the guidelines dealing with this same issue, that the word victim includes law enforcement officer, and victim and minor are used interchangeably. And that was the way in which they came to the fact that they believed that it was a clarifying rather than a substantive amendment. Counsel, I'm sorry. Go ahead. I was going to ask you a similar question to what I asked Mr. Werner. It is attempted distribution to a minor covered by the guideline. And if so, is this an attempt, regardless of whether there's a substantive change in the guidelines? Absolutely. An attempt does qualify under the guideline. And so I think that your question really kind of hits the nail right on the head. I think it was very clear to all of us in the sentencing hearing that Judge Siebel believed that Robert Stevens was a very dangerous sex offender and a very dangerous critic. That's a different question. I'm asking a legal question. And I think the legal question is absolutely. A completed act does not have to occur. And I think that the defense and the prosecution agree on this. That an attempted distribution – But your court didn't depend on that, did it? I mean, the sentencing wasn't based upon – upon, you know, some finding that the guideline also covers attempt and this is at least an attempt, so therefore it applies. That wasn't the district court's reasoning. The district court never even got to that issue because there was a completed distribution. There's no question about that. So the attempt doesn't apply. Right. It was whether it was to the law enforcement. Now, so addressing the completed distribution, what about, you know, if you analyze this as you, I think, do in your brief under our Morgan case of the three factors you should consider in determining whether an amendment is just a clarifying amendment? It doesn't – this amendment doesn't seem to meet any of those factors. Well, I think that there, you know, there certainly is an argument about that. The Ninth Circuit case that is directly on point on that talks about is it on the list. And, of course, it isn't on the list in this case. It's a huge amendment. What is the commission's characterization? And in this case, the commission said that it made this amendment in response to an increase in undercover law enforcement activities. And the other – the third factor being, does it resolve a circuit conflict? And there really isn't a circuit conflict because I think Mr. Werner is right. The only two cases ever – So the answer is under our precedent, this is not a clarifying amendment. Well, I think that's a decision that you can make looking at those three factors. Not whether we can make. Isn't that what we have to make? I do, Your Honor. Well, let me put it another way. How can we get around that? Well, I think that your case law has also said that just because it's not on the list and just because Congress doesn't specifically address that or the commission doesn't specifically address it, even if they say it's a substantive amendment, you can still find it's a clarifying amendment because you look at that issue specifically and look at the history. And I think that's, you know, that really is the issue here. And it is a close call. There's no doubt about that. I think that Justice Graber has hit the nail on the head, though, in terms of the questioning to Mr. Werner, which was the district judge in this case believed Mr. Stevens was a very dangerous person and I doubt that his sentence would be any different. I guess that's a little bit closer question, but it seems to me, and maybe Mr. Werner can address this on his rebuttal, it seems to me that there's no factual question that there was a distribution, in fact, to an undercover officer. So a distribution occurred and there appears to be no issue of fact that the defendant thought that the officer was a minor, even though he wasn't. So even if there's a substantive change that you have to have a real minor, I don't see, I guess I still don't see why it would make any difference because as a matter of law, the guideline would still apply to an attempted distribution to a minor. That's correct. I mean, and the other issue is he makes the argument that it's a seven-level increase. And even if you find that this is a completely substantive amendment and therefore you can't apply it, then he would get at least a five-level distribution, as I noted in my brief, for expectation of a thing of value, which he believed he was going to meet this person he thought was a 14-year-old girl for he and his wife to have sex with her. And I think the Ninth Circuit has clearly said that. Well, why is that a thing of value? It's something that you happen to want that might not have a monetary value. Right. And the minority case. You might really want to watch a sunset, but it's hard to know why that would be a thing of value. Because in the child pornography distribution statutes, there is significant case law within the Ninth Circuit that says other child pornography images, just trading, are things of value. You don't have to, there doesn't have to be a monetary value attached to those things. The Second Circuit specifically addressed that in the minority case, where they said having an opportunity that he obviously is interested in to have sex with this minor would be a thing of value. And so that would be an issue, I think, that the court would need to look at if you remand and decide that this is, in fact, a substantive rather than a clarifying amendment. We believe that the district court would then need to have a resentencing hearing and decide, is this a two-point distribution, then, a five-point distribution, or the seven-point distribution? I'd like to ask you about another question that wasn't briefed. It troubled me in this and some other cases, and that is where you have a plea bargain, and a defendant pleads guilty to a count of receiving and a count of possessing, and there's nothing in the indictment charging distribution. And distribution comes in, is really smuggled in, by what they call the application notes that are written not by Congress and signed by the president, but by a committee of draftsmen of the sentencing guidelines, which are made to help judges exercise their discretion in sentencing. Now, my problem is in a plea bargain where a person pleads guilty and nothing is said about distribution, and he shows up in court, and all of a sudden, the U.S. attorney said, well, one of the application guidelines involves this distribution in this case, which he tried to send it to a minor, but of course, the minor was a phony. It was an agent acting like a minor. Sure. But you do have, I think it's conceded, that there is distribution, attempted distribution. My problem is if this were a bank robber and you didn't have anything in the indictment about a gun, but at the sentencing, after a plea bargain, the guy says, well, yeah, I did go into the bank, I did get the money. And then at the sentencing, they bring up an application note, well, he had a gun. Now, shouldn't he have a chance to have a jury decide whether he had a gun, and shouldn't he have a chance to plead to it? Well, and in this case, we could have, at some point down the road, charged the distribution. Well, you could have. Right. The events occurred with the receipt and possession, and then the search warrant, his admission that he had committed child pornography offenses. And after the government took his computer and did the search warrant, and he confessed, he then went on to distribute. And about 1,500 more pictures. Right. Then he went on to distribute from there, and other child pornography offenses occurred. They come in under relevant conduct. I mean, the same argument can be made about the five-point enhancement that he received for sexually abusing his own daughters. He objected to that below. The district court made the finding, and then he's abandoned that on appeal. But those are all relevant conduct issues that don't need to be pled, but can be proven. In this case, I believe the court found, by clear and convincing evidence, that those did occur. And there simply isn't any argument here that he didn't distribute these images. The question is the number of levels, in terms of clarifying versus substantive. Are there any other questions from the panel? I believe not. Thank you. Thank you. Roberto? I do not agree with the assessment that even if this case is remanded, then he's going to get a five-level increase anyway. That's not the case. If there's a five-level enhancement for distribution to a minor, there's a seven-level enhancement for distribution to a minor with the intent to get that minor to travel. It has to be a minor. The guidelines at that time were clear. It had to be a minor. If it's not a minor, then the next is a two-level reduction for distribution. Or if they can prove distribution for receipt or expedition is something of value, that goes up to five levels. But there's no record on that. The court didn't even address that. So there is a lot at stake here. I do not believe the Morton case helps the government because the Morton, I do not agree that the Morton addressed amendments, whether they are clarifying or substantive changes. It said nothing about that. The Morton case simply interpreted commentary in effect in the year 2001 on a different enhancement. And it did not address this issue. That is whether an amended definition of a minor, which now includes an adult law enforcement officer, is a substantive change to the old definition. And the Ilis court did address that issue. And that was my reason for citing it and bringing it to the court's attention. Because it was a very, I thought, a very common sense application of these principles. In my reply brief, I went to the Webster's Dictionary and defined, which I found the definition of clarify to mean to make or become clear and free from impurities, or to make or become easier to understand. Substantive, on the other hand, at least combined with change, would mean a considerable amount of quantity. The definition of the word minor, as used in 2003 guideline, there is nothing unambiguous, there is nothing hard to understand about it. This change has to be considered, from a common sense standpoint, as a substantive change. Therefore, pure and simple, it cannot be applied retroactively to make this sentence more burdensome on this defendant, and that's my position. Thank you, counsel. We appreciate the arguments from both parties, and the case just argued is submitted.
judges: Goodwin, Tashima, Graber